## *Ex Parte* GEORGE WHITE.

A sentence as a common and notorious thief, pursuant to *St.* 1804, *c.* 143, § 3, although it may have been upon three simple larcenies neither of which separately would be punishable by hard labor for a longer term than one year, is a sentence for an offence punishable by confinement to hard labor for a term of years, within the meaning of *St.* 1827, *c.* 118, § 19, 20, subjecting the convict to additional punishment in certain cases.

*June 21st*

SHAW C. J. delivered the opinion of the Court. Upon a writ of certiorari to the Municipal Court, a record is returned, by which it appears, that at the May term of that court 1831, George White was sentenced to confinement at hard labor in the State prison for life, upon an information there filed by the attorney of the commonwealth, pursuant to *St.* 1827, *c.* 118, § 20, by which the jurisdiction in this class

---

oī cases was transferred to the Municipal Court. The same question arises in this as in several other cases of convicts before the Court at the present term, namely, whether upon the several convictions against White, he was liable to be sentenced as upon a third conviction, to confinement to hard labor for life.

It appears by the record, that at Taunton, in 1803, he was convicted of two several aggravated offences, upon each of which, among other punishments, he was sentenced to confinement at hard labor, for the term of five years.

It further appears, that at Greenfield, in 1817, before the Supreme Judicial Court, he was convicted on three separate larcenies, and punished, as a common and notorious thief, pursuant to *St.* 1804, *c.* 143, § 3, by confinement to hard labor for the term of ten years.

The last conviction, and that upon which it is contended, that the additional punishment of confinement to hard labor for life ought to have been awarded, if a knowledge of the prior convictions had then been before the court, was had at Plymouth, in May 1830, upon which White was convicted of stealing a horse of the value of one hundred dollars, and was sentenced to two days solitary imprisonment, and confinement to hard labor for one year.

One of the questions raised is, whether being sentenced as a common and notorious thief, as the prisoner was at Greenfield, and which may have been upon three simple larcenies, neither of which separately would be punishable by hard labor, for a longer term than one year, is being convicted and sentenced for an offence punishable by confinement to hard labor for a term of years, within the meaning of the statute, so as to subject the party to the additional punishment. Upon this point the Court are of opinion, that such a conviction and sentence of one as a notorious thief, is a conviction and sentence within the meaning of the statute.

By simple larceny is understood the larceny punished by the first section of *St.* 1804, *c.* 143, where there is no aggravation, such as breaking a house or shop, or stealing from the person, and where the value of the goods stolen does not exceed the sum of $100. By the same statute it is pro-

vided, that if any person shall be convicted at the same time of three distinct larcenies, he shall be punished as a common and notorious thief, by confinement to hard labor for a term not less than three years, nor more than fifteen years. The question is, whether such a conviction and punishment is a conviction for an offence, the punishment whereof is, by law, confinement to hard labor for a term of years ; and we think it is. The effect of the statute is, to consolidate the three, so as to make one aggravated crime, that of being a notorious thief, punishable by one sentence, and that going much beyond the aggregate of the three punishments, if imposed severally. We think we should violate the plain intent of the statute in adopting a different construction.

But if considered in another view, the result is the same. It may be regarded as a punishment of the last of the three offences, which, if it stood alone, would be a simple larceny, but enhanced and aggravated by the two previous convictions, is regarded by the law as a highly aggravated crime. This is conformable to the general principle and policy of this class of statutes, inflicting increased penalties upon second and third offences. The increased punishment is not regarded as an additional punishment for the prior offence, which would be unjust ; but the prior conviction is regarded as giving a character of increased aggravation to the subsequent offence. Whether therefore it be regarded as a punishment for the crime of being a notorious thief, or whether it be considered as a punishment for the third larceny, enhanced and aggravated by the two prior convictions, standing on the same record at the same time, in either case it must be regarded as an offence, punishable by confinement to hard labor for a term of years.

But there is another objection to the validity of this judg- ment, which we think is unanswerable, and fatal.

In order to warrant an award of the additional punishment imposed by the statute, two things must concur ; the prisoner must stand for punishment and sentence, convicted of a crime, the punishment whereof is by law confinement to hard labor, for a term of years, and he must have been twice before sentenced to a like punishment. When White was sentenced at

Plymouth in 1830, it appears very satisfactorily, that he had been twice before sentenced to punishment for a term of years, and then the only question is, whether he then stood convicted of a crime, by law punishable by confinement for a term of years. It appears by the record, that he was indicted and convicted for stealing one horse of the value of $100, without breaking any building or other aggravation. We have already seen that this is a simple larceny, which cannot be punished by confinement to hard labor for a longer term than one year. We decided in *Seymour's case*, (*ante*, *p.* 40,) that that is not a term of years within the meaning of the statute ; consequently White was not then convicted of a crime punishable, by law, by confinement to hard labor for a term of years, and the case for awarding the additional punishment, of confinement for life, did not exist. If the punishment could not have been awarded then, had the facts of the former convictions been then known and found by the verdict, and placed on record as the basis of the judgment, it could not be awarded upon the subsequent proceeding by information.

If it be asked, why, if the two convictions at Taunton in 1803 are to be taken as two convictions within the statute, as was held in Phillips's case, 11 Pick. 28, the conviction at Greenfield, being, as now held, a conviction for an aggravated offence, could not be deemed as a third conviction, so as to warrant the award of the additional punishment, the answer is obvious ; this conviction was in 1817, and the statute imposing the additional punishment for a second and third offence, did not pass till February 1818.

We are therefore of opinion, that there is no ground upon which the judgment by which White was sentenced to the State prison for life can be sustained, and the same is accordingly reversed.

*Leland* for the prisoner.

*Austin,* Attorney-General, for the commonwealth.